IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEROME C. HARRIS, AARON SWIMS,
PEARLINE SIMMS, WILLIE WILLIAMS,
AND KEVIN ERVIN,                                                                PLAINTIFFS,

VS.                                                          CIVIL ACTION NO. 4:05CV176-P-A

COLDWELL BANKER REAL ESTATE
CORPORATION, STATE BANK &
TRUST COMPANY, ET AL.,                                                          DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant State Bank & Trust Company's Motion to Compel Arbitration [131] of the claims of Plaintiff Jerome C. Harris. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiffs filed the instant action on July 18, 2005. On December 14, 2005, almost five months later, Plaintiff Jerome C. Harris signed an arbitration agreement in connection with opening a checking account with State Bank wherein he agreed to submit "any claim, dispute or controversy between [Mr. Harris] and [State] Bank ... whether in contract, tort or otherwise, whether pre-existing, present or future, ... arising from or relating to any matter, including, but not limited to, the Deposit Account, any past or future interactions, business or dealings between the parties" to binding arbitration.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract " shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt*

1

*Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476 (1989); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The Fifth Circuit Court of Appeals has also consistently favored arbitration. "The FAA expresses a strong national policy in favoring arbitration of disputes, and all doubts concerning arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even an illiterate person is charged with reading a contract); *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Turner v. Terry*, 799 So.2d 25, 36 (Miss. 2001) ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence.").

It is undisputed that Jerome Harris had the opportunity to read and to decline to sign the subject arbitration agreement, which by its very terms applies to his pre-existing claims against State Bank. He chose to sign the agreement. The plaintiffs have cited no authority disallowing after-the-fact arbitration agreements.

The plaintiffs also argue that the Mississippi Supreme Court's decision in *Rogers-Dabbs Chevrolet–Hummer, Inc. v. Blakeney*, 950 So.2d 170 (Miss. 2007) stands for the proposition that Jerome Harris' fraud claims against State Bank do not fall within the scope of the arbitration

2

agreement. This court has already concluded in several other cases involving the same defendants that the *Blakeney* decision, by its own terms, limited its ruling to the facts of that case. In any event, the arbitration agreement at issue in this case provides that "[a]ny controversy concerning whether an issue is arbitrable shall be determined by the Arbitrator." The question of whether the claim falls within the scope of the arbitration agreement is included within the question of whether a given claim is arbitrable. Therefore, any doubts regarding the effect of *Blakeney* are vitiated by the arbitration agreement's language requiring the arbitrability of Harris' claims to be determined by the arbitrator.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant State Bank & Trust Company's Motion to Compel Arbitration [131] of the claims of Plaintiff Jerome C. Harris is **GRANTED**; therefore,

(2) Plaintiff Jerome C. Harris' claims against Defendant State Bank & Trust Company are hereby **DISMISSED WITHOUT PREJUDICE** and are compelled to arbitration pursuant to the terms of the arbitration agreement signed by Jerome C. Harris on December 14, 2005.

**SO ORDERED** this the 23rd day of July, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE