# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JEROME C. HARRIS, ET AL.,                                                    PLAINTIFFS,

VS.                                        CIVIL ACTION NO. 4:05CV176-P-A

COLDWELL BANKER REAL ESTATE CORP., ET AL.,         DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant Jim Pruett's Motion to Dismiss and/or for Summary Judgment [248]. After due consideration of the motion, the court finds as follows, to-wit:

Defendant Jim Pruett is now deceased. His estate filed the instant motion on September 28, 2007. The plaintiffs' response was due on October 18, 2007. No response was filed, nor did the plaintiffs otherwise contact the court requesting additional time to do so. Uniform Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond to a motion. Uniform Local Rule 7.2(c)(2) allows the court to grant a motion to which no response was filed.

Nevertheless, the court concludes that the motion for summary judgment should be granted on its merits. Mississippi law does not allow punitive damages against an estate because of a prior tort. *Wilbanks v. Gray*, 795 So.2d 541, 548 (Miss. Ct. App. 2001) (citing Miss. Code Ann. § 91-7-235). Pursuant to *Rogers v. Douglas Tobacco Board of Trade*, 244 F.2d 471, 483 (5th Cir. 1957), treble damages are unavailable against the estate of a deceased tortfeasor because they are punitive in nature. Since attorneys fees and RICO treble damages are also punitive in nature, the court concludes that they are also unavailable against a tortfeasor's estate given that the estate and its beneficiaries did nothing to warrant an award of punitive damages, nor would punitive damages

serve to deter them from future wrongful conduct. *See e.g., Haskell v. Perkins*, 28 F.2d 222, 223-24 (D.N.J. 1928) (citing *Lake Shore & M.S.R. Co. v. Prentice*, 147 U.S. 101 (1983)).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Jim Pruett's motion for partial summary judgment [248] is hereby **GRANTED**; therefore,

(2) The plaintiffs' claims for punitive damages, treble damages, RICO treble damages, and attorneys' fees are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 26th day of October, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE